UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:10-cr-80137-KMM-4

United States of America,

v.

Ubaldo Gonzalez,

        Defendant.
_____/

FILED BY _____ D.C.

JAN 27 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATIONS

### I. Background

Defendant Ubaldo Gonzalez appeared before the Court on January 27, 2020 for a status re: final hearing on the Government's Petition for Warrant for Offender under Supervision ("Petition"). [DE 328]. Defendant was originally convicted in the Southern District of Florida of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. On September 14, 2011, the Honorable Kenneth L. Ryskamp, Senior United States District Judge, sentenced Defendant to 100 months imprisonment followed by 5 years of supervised release and a mandatory $100 special assessment. [DE 311]. On July 9, 2015, Defendant's sentence was reduced to 84 months imprisonment. [DE 325]. All other provisions of his previous sentence remained in effect. This case was reassigned to the Honorable K. Michael Moore, Chief United States District Judge, on March 24, 2017.

On October 11, 2016, Defendant pleaded guilty to one charge of escaping from the custody of the Attorney General in violation of 18 U.S.C. § 751(a). He was sentenced to 12 months and 1

1

day of imprisonment followed by 3 years of supervised release and a mandatory $100 special assessment. On October 31, 2016, the judgment was amended to include 12 months and 1 day of imprisonment followed by 3 years of supervised release to run concurrently.

On August 28, 2017, Defendant began his 3-year term of supervised release. His supervised release was scheduled to end on August 27, 2020.

On April 24, 2019, Defendant admitted to violations of his supervised release and was sentenced to eleven months imprisonment with credit for time served followed by eleven months of supervised release.

Finally, on December 2, 2019, Defendant's assigned probation officer received a call from Defendant's ex-girlfriend, Ms. Jacqueline Ruffin, stating that Defendant had threatened to kill her, her mother, and her daughter. She also stated that Defendant was using crack cocaine and selling explicit photos of her to others in exchange for illicit drugs.

Immediately after receiving this call, Defendant's probation officer called Defendant and instructed him to report to the probation office that same day for a random drug test. Defendant failed to report as instructed. Defendant called the probation officer and told her that he could not report to the probation office because he lacked transportation despite also informing her that he had been able to secure transportation to visit a relative's home a few hours earlier. Defendant began yelling at the probation officer, requesting to speak with a different officer. He was informed that he could speak to another officer when he reported for his drug testing. Defendant abruptly hung up and failed to report as instructed.

Defendant's probation officer attempted to contact him several times but was unsuccessful. Defendant's ex-girlfriend again called Defendant's probation officer and stated that Defendant had

contacted her several times both by phone and text message.

Defendant is now charged, pursuant to the Petition, with the following supervised release violations:

1. **Violation of Standard Condition**, by failing to report to his probation officer as directed. On December 2, 2019, Defendant was instructed by telephone to report to his probation officer on December 2, 2019 and failed to comply.

2. **Violation of Mandatory Condition**, by refusing to submit to drug testing. On December 2, 2019, Defendant was instructed to submit to drug testing and failed to do so.

## II. Summary of Hearing

At the January 27, 2020 hearing before the undersigned, Defendant stated he was clear-headed and not under the influence of drugs, alcohol, or any controlled substance. Pursuant to Fed. R. Crim. P. 32.1, Defendant was advised of the violations alleged against him, his right to contest the allegations, his right to appear at the hearing and present evidence, and his right to question adverse witnesses. After being advised of those rights, Defendant stated he admitted to the violations in the Petition.

The Court finds that Defendant made his waiver and admissions knowingly, intelligently, and voluntarily, and with the advice and assistance of competent counsel. Based on Defendant's admissions to the allegations and its review of the record, the Court finds by a preponderance of the evidence that Defendant committed the allegations as alleged in the Petition.

## III. Recommendation

For the foregoing reasons, the undersigned respectfully recommends that the Honorable K. Michael Moore, Chief United States District Judge, find that Defendant has violated the terms and conditions of his supervised release as to allegations 1 and 2 of the Petition [DE 328]. Finally, the

Court recommends that Chief Judge Moore schedule a sentencing hearing on allegations 1 and 2.

A party shall file written objections, if any, to this Report and Recommendation with Chief United States District Judge K. Michael Moore within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to timely object to this Report and Recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 27 day of January 2020.

William Matthewman
United States Magistrate Judge